# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Saikou Diallo

v.                                    Civil No. 23-cv-439-LM-TSM

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

Petitioner Saikou Diallo,[1] a prisoner at Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed this 28 U.S.C. § 2241 petition pro se.  Diallo challenges prison disciplinary proceedings that resulted in the loss of 27 days of good conduct time.  Diallo alleges that the respondent, the FCI Berlin Warden, violated his Fifth Amendment due process rights by finding that he committed the infraction of fighting another person without sufficient evidence.  The Warden moves to dismiss Diallo's petition (doc. no. 4), arguing that the prison Discipline Hearing Officer's ("DHO") finding that Diallo committed the infraction is supported by "some evidence," such that Diallo's claim that his due process rights were violated necessarily fails.  Diallo objects to dismissal.  The motion to dismiss has been referred to the undersigned for a Report and Recommendation.  See LR 72.1.  For the following reasons, the district judge should grant the Warden's motion to dismiss.

## Background

The relevant facts are drawn from Diallo's petition (doc. no. 1) and attached exhibits (doc. no. 1-1).  Burt v. Bd. of Trs. of Univ. of R.I., 84 F.4th 42, 50 (1st Cir. 2023).  On October 3, 2022, Diallo and another FCI Berlin inmate, Abdi Dire, were involved in a short altercation.  Afterward, the DHO charged Diallo with the prohibited act of "Fighting With Another Person."  Doc. no. 1-1 (petition attachments) at 7; 28 C.F.R. § 541.3 (Table 1 – Part 201).  In response to the charge,

---

[1] In his petition, Diallo reports that his first name is "Saikou."  Bureau of Prisons records list Diallo's first name as "Saiko."

Diallo explained that he was "sitting down playing chess when [Dire] tried to sneak me from behind and hit me with a lock in the back of my head." Doc. no. 1-1 at 7. Diallo also stated that Dire was biting him, and there was no officer around to protect him from Dire.

The DHO held a hearing on the charge. Diallo waived his right to a staff representative and his right to present witnesses. The DHO thus considered only the documentary evidence as well as Diallo's statement about the incident. This documentary evidence included an "Inmate Investigative Report," a "Staff Memorandum," a "Chain of Custody Log," "Clinical Encounters," and "Video Footage and Evidence Photographs." Id. at 8. The DHO found that Diallo committed the charged prohibited act. As a sanction, the DHO imposed a loss of 27 days of good conduct time.[2]

In her post-hearing report, the DHO explained that she relied on an investigator's report, which was based on video of the altercation between Diallo and Dire. The report described the video as depicting Diallo and Dire "exchanging strikes" and then Diallo "knocking inmate Dire to the ground and striking [him] with closed fists while grappling on the floor." Id. at 9. Diallo also used his knee to hit Dire. Other inmates separated Dire and Diallo. "[B]oth inmates admitted to participation in the incident during interviews with" the investigator. Id. The DHO also reviewed the video herself. She found that the video depicted Diallo taking "the first swing at inmate Dire," "drop[ping] inmate Dire to the ground," and punching Dire "several times." Id. Two inmates pulled Diallo off Dire to stop the fight, which lasted about one minute.

The DHO also considered infirmary staff reports, which assessed both Diallo and Dire after the fight. Diallo complained of pain and had bite marks on him. Dire denied pain and participating

---

[2] The DHO also imposed a three-month loss of some privileges.

in any altercation.  Dire did not appear to have any injuries.  Diallo also made statements asserting that Dire had attacked him first and that he was defending himself from Dire.

Diallo appealed the findings and sanction using the Bureau of Prisons's administrative procedures.  Diallo's appeals were denied.

In September 2023, Diallo filed the § 2241 petition presently before the court.  In his petition, Diallo contends that the altercation resulted from Dire's unprompted, aggressive attack.  See doc. no. 1 at 1.  He asserts that he has a right to defend himself from attacks by other inmates and that not permitting him to do so violates his constitutional rights.  He asserts that the video shows Dire hitting him with a lock and that he was left with no choice but to defend himself.  He faults the DHO's report for failing to state that Dire was trying to hit him with a lock.  Diallo asserts that the DHO's report is biased, that there is insufficient evidence to sustain the DHO's findings, and that "evidence was tampered with . . . ."  Doc. no. 1 at 2-3.

## Standard of Review

The court may dismiss a § 2241 petition if the petitioner's allegations, taken as true, do not state a claim for relief.  Fed. R. Civ. P. 12(b)(6); Levine v. U.S. Dep't of Fed. Bureau of Prisons, No. 20-cv-11833-ADB, 2021 WL 681689, at *2, 2021 U.S. Dist. LEXIS 32202 (D. Mass. Feb. 22, 2021).  To avoid dismissal, the petitioner must allege facts in the petition that, if taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim for relief.  Burt, 84 F.4th at 50.  In addition to the petition, when considering a motion to dismiss the court may consider matters of public record, documents that are central to the complaint, and documents fairly incorporated into the complaint.  Id.; Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007).

**Discussion**

The Warden moves to dismiss Diallo's petition and argues that the documents attached to Diallo's petition – namely, the DHO's report – establish that the minimum due process standards were met.  Doc. no. 4.  Additionally, the Warden argues that Diallo does not identify what evidence he claims was "tampered" with nor by who.  Diallo objects, arguing that the DHO improperly ignored evidence that showed Dire attacking him first.

Prisoners have a protected liberty interest in good conduct time which affords them certain due process protections in disciplinary proceedings. See Sup't, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 453 (1985).  The minimum requirements of due process in prison disciplinary proceedings are (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) the opportunity to call witnesses and present documentary evidence (when doing so is not unduly hazardous to prison safety and institutional goals); (3) a hearing before an impartial decisionmaker; and (4) and a written statement as to the evidence the hearing officer relied on and the reasons for the officer's decision.  See Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974); Surprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005); Ali v. Warden, Fed. Corr. Inst., Berlin, N.H., Case No. 18-cv-896-JL, 2020 WL 1322542, at *3, 2020 U.S. Dist. LEXIS 48237 at *6-*7 (D.N.H. Mar. 20, 2020).  Here, Diallo does not contend that the disciplinary proceeding lacked any of those features.  Rather, Diallo only disputes the DHO's finding that he committed the alleged prohibited act.

But to meet the minimum requirements of procedural due process, a hearing officer's finding that imposes a penalty disallowing good conduct time need only be supported by "some evidence in the record."  Hill, 472 U.S. at 454 ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record.") (citation omitted).  The

"some evidence" requirement is slight; only a "modicum of evidence" is needed, and the standard is satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary" officer. See id. at 455-56. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455.

The district judge should grant the Warden's motion to dismiss. "Some evidence" supports the DHO's conclusion that Diallo committed the infraction of fighting with another inmate. Specifically, the evidence before the DHO included reports and video evidence that showed Diallo taking "the first swing" at Dire, knocking him to the ground, and hitting Dire while he was on the ground with both his fists and knee. Diallo did not deny that he knocked Dire to the ground nor that he hit him with his fists and knee. Nor did he dispute that other inmates needed to pull him away from Dire. Indeed, Diallo expressly acknowledges that the altercation took place. Thus, "some evidence" supports the DHO's finding that Diallo committed the prohibited act of fighting with another inmate. Accordingly, Diallo has not alleged a due process violation.

Diallo contends that he should not have been punished because his actions were in self-defense. The DHO, however, heard Diallo's evidence regarding self-defense and rejected that justification. See doc. no. 1-1 at 10 ("[T]he DHO relied upon your statement during the DHO hearing in which you stated, 'I had to defend myself . . . . Under the circumstances what was I supposed to do, what is expected of me? . . . [B]ased on the greater weight of the evidence . . . the DHO finds you committed prohibited act 201; Fighting with Another Person."); MacMillan v. Pontesso, 73 Fed. Appx. 213, 214 n.1 (9th Cir. July 29, 2003) (indicating that whether a prisoner has a constitutional right to assert a self-defense justification to a fighting charge was immaterial where "the record indicates that MacMillan asserted a self defense claim that was noted and rejected during the review process"). As discussed above, "some evidence" supports the DHO's

findings in that regard.  In any event, courts have not recognized a constitutional right of prisoners to avoid a disciplinary fighting charge based on a self-defense justification.  See, e.g., Addison v. Tatum, No. 15-cv-159-JD, 2016 WL 154135, at *2, 2016 U.S. Dist. LEXIS 2924 (D.N.H. Jan. 8, 2016) ("Although the First Circuit has not addressed the issue, other courts have held that an inmate can be disciplined for violent conduct even if the inmate acted in self defense."); Johnson v. Warden, Fed. Corr. Inst., No. 16-cv-442-LM, 2017 WL 3588751, at *2, 2017 U.S. Dist. LEXIS 132533 (D.N.H. Apr. 20, 2017), R&R adopted, 2017 WL 3588771, 2017 U.S. Dist. LEXIS 132097 (Aug. 16, 2017).

As a final matter, Diallo contends that the DHO report was "biased"; that it excluded "valuable evidence" supporting his claim; and that "the evidence was tampered with."  Doc. no. 1 at 2-3.  To the extent those assertions go beyond Diallo's arguments that the evidence was insufficient or that the DHO failed to properly consider Diallo's self-defense justification, Diallo does not allege what "valuable evidence" was excluded; how the DHO report was "biased"; nor what evidence was "tampered" with.  Therefore, Diallo's allegations in that regard are too vague to state a claim for relief.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion to dismiss (doc. no. 4).  Any objections to this Report and Recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The 14-day objection period may be extended upon motion.  Only those issues raised in a written objection to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on

appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal

the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____

Talesha L. Saint-Marc
United States Magistrate Judge

May 7, 2024

cc:     Saikou Diallo, pro se
        Counsel of Record